McIlvaine, J.
The right of the plaintiff, in listing his property for taxation, to deduct the amount of his indebtedness from the value of the bonds held and owned by him, is the sole matter in controversy. The case was submitted in argument and has been considered by the court as controlled by the statute regulating taxation ;• namely, title 13 of the Revised Statutes. The plaintiff' claims that under this statute, especially section 2730, he was authorized to mate the deduction. This claim is controverted by the defendant. The section referred to assumes to define the meaning of certain *123 terms used in the statute, and the right claimed by plaintiff is based on the meaning of the term “ credits ” as therein defined, to wit: “ the term ‘ credits ’ shall be held to mean the excess of the sum of all legal claims and demands, whether for money or other valuable thing, or for labor or services, due or to become due to the person liable to pay taxes thereon .... when added together (estimating every such claim or demand at its true value in money) over and above the sum of all legal bona fide debts owing by such person.” The contention is, that for the purpose of ascertaining the value of the plaintiff’s credits which are made a subject of taxation, the deduction of his bona fide debts from the value of these bonds was fully authorized hy this section. By the ordinary meaning of the terms, it would seem to be plain enough, that the plaintiff’s bonds were “ legal claims and demands ” for money ; but, on the other side, it is claimed that upon the whole statute, it is manifest that these bonds are not “ legal claims or demands ” within the meaning of those terms as used in defining “ credits.”
The subjects of taxation, as enumerated in section 2731, are “ All property, whether real or personal, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks or otherwise, of persons residing in this state.” “ Credits ” are specifically named as a subject of taxation, and “investments in bonds’ are also specifically named as another ; and in section 2730, the latter is defined as follows : “ the terms ‘ investments in bonds ” shall he held to mean and include all moneys in bonds, or certificates of indebtedness, or other evidences of indebtedness of whatever kind, whether issued by incorporated or unincorporated companies, towns, cities, villages, townships, counties, states, or other incorporations, or hy the United States, held by persons residing in this state, whether for themselves or others.” Now, hy the common meaning of words, the plaintiff’s bonds are as clearly within the definition of “ investments in bonds ” here given as within the definition of “ credits ” as above quoted; and if everything within the definition of “ credits ” were to be taxed as credits and everything within the definition of “ investments *124 in bonds ” were to be taxed as investments in bonds, it would assuredly follow that the bonds of the plaintiff would be subject to double taxation. And again, this same section provides that “ the term ‘ money’ or ‘ moneys ’ shall be held to mean and include any surplus or undivided profits held by societies for savings, or banks having no capital stock, gold and silver coin, bank notes of solvent banks, in actual possession, and every deposit which the person owning, holding in trust, or having the beneficial interest therein, is entitled to withdraw in money on demand while it is provided in section 2737, that every person required to list property for taxation shall set forth in his statement, separately and distinctly, among other things, as follows: “ thirteenth, moneys on hand or on deposit subject to order; fourteenth, the amount of credits as hereinbefore defined ; fifteenth, the amount of all moneys invested in bonds, stocks, joint-stock companies, annuities or otherwise.”
Now, I shall be content to assume, at least until it shall be controverted, that the legislature, by these provisions and definitions, did not intend to impose double or triple taxation; hence, it must be assumed, also, that the legislature did not intend to embrace within the meaning of one of these terms property or things that were intended to be included in another. Therefore, it only remains to be determined whether the plaintiff’s bonds must be included within the term “ investments in bonds ” or within the term “ credits.” We think that they were the subject of taxation as “ investments in bonds,” which are defined by the statute to mean “ moneys in bonds.” This conclusion is in accordance with the first and only meaning of the words. If these were not “ investments in bonds,” we cannot conceive of anything that would be an investment-in bonds. If these are not investments in bonds, these words in the statute are meaningless; but not so with credits, or the definition of credits. Without embracing bonds, the term “ credits,” and its definition, have many subjects within their scope and meaning.
Again, the use of the word “investment” is not without significance W e are cei-tainly justified in saying that the com *125 mon understanding is, that money invested is withdrawn from ordinary trade and active business and placed at interest for the sake of interest, while, on the other hand, in the ordinary course of active business and trade, “ legal claims and demands,” within the meaning of the statutory definition of credits, are created, not for the sake of interest which may or may not accrue, but for the purpose of promoting trade. Hence, a reason for the legislative distinction between investments in bonds, &c., and credits, as subjects of taxation.
And finally, the true meaning or construction of these provisions may be discovered in the reasonable and proper assumption that the legislature intended to provide for the imposition of taxes in accordance with the declared meaning of the constitution.
"We do not propose to review the case of Exchange Bank v. Hines, 3 Ohio St. 1,* in which it was held by a majority of the court, that section 10 of the tax law of 1852, which authorized the deduction of debts from moneys and credits, was in conflict with section 2, article 12, of the constitution, which provided: “ Laws shall be passed, taxing by a uniform rule all moneys, credits, investments in bonds, stocks, joint-stock companies or otherwise ; and, also, all real and personal property, according to its true value in money.” It is true the general assembly has not acquiesced in the decision of the majority, which held that debts could not be deducted from credits; but in the unauimoús holding that debts could not be deducted from moneys, there has been a ready acquiescence. It is also true that the statute then under consideration, like the Revised Statutes, did not in terms authorize the deduction of debts from investments in bonds; but, if investments in bonds were not credits then, they are not now, for the reason that the legislature cannot, by improvising definitions, change the meaning of constitutional provisions; and if bonds were credits then, they are now; so that the decision stands as the opinion of the majority who concurred therein, that deductions on account of debts cannot be made from investments in bonds, and Ranney, J., who dissented in that case, remarked as follows: “ I say *126 nothing of .the right to deduct from moneys, or from investments in bonds and stocks, for the double reason that these may be, and for most purposes are, regarded as property in possession, having intrinsic value, and not the mere evidences of claims upon others, and because no deduction is allowed from these ‘investments’ by the section of the law under consideration.”
The last sentence above quoted, being equivalent to a declaration that debts cannot be deducted from investments in bonds under the name of credits, the case stands as the unanimous opinion of the court upon that point; and it is reasonable to believe that in subsequent statutes the classification of the subjects of taxation was made and. adopted in accordance with that construction of the constitution.

Decree for defendant.

 See also, Latimer v. Morgan, 6 Ohio St. 279; Bank v. Smith, 7 Ohio St. 42.